USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  05/03/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                              :

ASIYA VICKERS,                          :

                                   :

                 Plaintiff,           :

                                   :           22-cv-1781 (LJL)

       -v-                           :

                                   :        MEMORANDUM &
DEPARTMENT OF VETERAN'S AFFAIRS,    :          ORDER

                                   :

               Defendant.       :

                                   :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Asiya Vickers ("Plaintiff") moves for entry of default judgment against defendant Department of Veteran's Affairs ("Defendant").  Dkt. No. 10.  Defendant opposes the motion.  Dkt. No. 19.  For the reasons set forth below, the motion is denied.

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Burns v. Scott*, 2022 WL 10118491, at *3 (S.D.N.Y. Oct. 17, 2022), *reconsideration denied*, 2022 WL 18858909 (S.D.N.Y. Nov. 9, 2022) ("A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55.").  First, a party seeking a default judgment, must petition the clerk for entry of default, which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see also* Fed. R. Civ. P. 55(a).  Only once the clerk has entered default can the party move for entry of default judgment, which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).

Here, Plaintiff did not seek entry of default against Defendant before moving this Court for entry of default judgment.  Thus, Plaintiff's motion must be denied.  *See Plenitude Cap. LLC v. Utica Ventures*, LLC, 2020 WL 7000411, at *3 (E.D.N.Y. Sept. 10, 2020), *report and recommendation adopted*, 2020 WL 6255250 (E.D.N.Y. Oct. 23, 2020) ("A motion for default judgment should not proceed before entry of default . . . .  Because Plaintiff has not moved properly for entry of default . . . its request for a judgment . . . must be denied.").

Even if the clerk had entered default against Defendant, the Court would be required to deny the motion for default judgment as moot.  The Court granted Plaintiff leave to amend her complaint on February 16, 2023, Dkt. No. 25, and Plaintiff filed an amended complaint on

March 8, 2023, Dkt. No. 29.  "If, . . . after a default has been entered against a defendant, a plaintiff files an amended complaint which becomes operative, the entry of default becomes moot, and a motion for default judgment based on that default must be denied as moot." *Vasquez v. Young Chow Garden, Inc.*, 2018 WL 11452581, at *1 (S.D.N.Y. Nov. 16, 2018) (internal quotation marks and citation omitted) (collecting cases).[1]

   Accordingly, Plaintiff's motion for default judgment is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 10.  Nothing in this Order should be construed to foreshadow the Court's disposition of the pending motion to dismiss the amended complaint. *See* Dkt. No. 33.  The Court will address that motion once it becomes fully submitted.

   SO ORDERED.

Dated: May 3, 2023
   New York, New York

                LEWIS J. LIMAN
              United States District Judge

---

[1] Even if Plaintiff's motion for default judgment were properly before this Court, Plaintiff's motion would fail on the merits.  Under Federal Rule of Civil Procedure 4(i)(2), to serve an agency of the United States, a plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  Federal Rule of Civil Procedure 4(i)(1) governs the procedures required to serve the United States:  A plaintiff must first either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(A).  The plaintiff must also "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(B).

Plaintiff initiated this action by complaint on March 3, 2022.  Dkt. No. 1 ("Complaint").  Although Plaintiff filed an affidavit of service on June 24, 2022 reflecting that a copy of the Complaint was served on the Department of Veterans Affairs on June 3, 2022, the affidavit of service does not demonstrate that Plaintiff followed the procedures required to serve the United States under Rule 4(i).  *See* Dkt. No. 3.  The United States offered to accept service by email, but Plaintiff did not email the Complaint to the Assistant United States Attorney assigned to this matter.  *See* Dkt. No. 6 at 1.  The United States agreed to accept service of process of the complaint by ECF as of September 30, 2022.  *Id.*  Prior to its deadline to respond to the Complaint, Defendant requested an extension of time to respond.  Dkt. No. 14.  The Court granted the extension and indicated that the briefing schedule for Defendant's anticipated motion to dismiss would be discussed at the previously scheduled Initial Pretrial Conference on December 9, 2022.  Dkt. No. 15.  At the Initial Pretrial Conference, the Court ordered Defendant to file its motion to dismiss on or before December 20, 2022.  Dkt. No. 21 at 5.  Defendant filed its motion on that date.  *See* Dkt. No. 17.  Thus, Defendant was not in default at the time the motion was made and the motion for default judgment would be denied.